```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND


EDUARDO TUSAMBA MOISES        *
                              *
v.                            *    Civil Action No. WMN-15-3609
                              *
JOSE EDUARDO DOS SANTOS       *
 et al.                       *
                              *
   *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Pending before the Court is Plaintiff Eduardo Tusamba Moises' Motion for Entry of Default Judgment. ECF No. 29. For the reasons that follow, that motion will be denied and this case dismissed, without prejudice.

Plaintiff Moises, proceeding pro se, filed this action on November 25, 2015, on behalf of himself; an educational and charitable institution in Angola that he once headed - the Institute Superior Rene Descartes of Angola (ISRDA); ISRDA's students; and "families or unprivileged peoples jailed, tortured or being tortured for the sake of defending universal principles of morality, fairness, liberty and justice, and other similarly situated peoples of Angola." Plaintiff named as Defendants Maria Candida Texeira, Angola's former Minister of Higher Learning; Jose Eduardo dos Santos, the President of Angola and the head of the "People's Movement for the Liberation of Angola" (MPLA); and "other similarly situated dignitary of MPLA and

perpetrators involved in the infliction of atrocities on plaintiffs."  The 84-page complaint detailed alleged acts of torture, discrimination, malicious prosecution, and other atrocities sanctioned by Defendants, particularly those directed against the ISRDA.  He brought this action pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350 and Torture Victim Protection Act, Act. Pub. L. No. 102-256. 106 Stat. 73 (1993) (codified at 28 U.S.C. § 1350 note).

Because Plaintiff Moises is not an attorney admitted to the Bar of this Court, he is not permitted to represent the interests of any individual other than himself.  The Court informed him of this rule and granted him extensions of time to obtain counsel.  Plaintiff subsequently filed an Amended Complaint brought solely on his own behalf.  On January 15, 2016, the Court issued an Order granting Plaintiff's motion for leave to proceed in forma pauperis and granting him 21 days to complete and return U.S. Marshal service of process forms.

Plaintiff Moises returned the service of process forms indicating that all of the Defendants should be served at "Embassy of Republic of Angola, 2100-2108 16th Street, NW, Washington DC 20009."  The U.S. Marshal mailed the summonses to that address, by "Restricted Deliver, Certified Mail."  The Certified Mail Receipts were returned on February 10, 2016, signed by an individual named "Marlene White."  On March 8,

2016, Plaintiff Moises filed a "Motion for Entry of Default Judgment."  ECF No. 12.  On April 5, 2016, the Court sent a letter to Plaintiff Moises explaining that he must first file a motion for entry of default by the Clerk of the Court and that motion must be granted before he would be permitted to file a motion for entry of default judgment.  ECF No. 13.

Plaintiff Moises then filed motions for Clerk's entry of default against Defendants "Similarly Situated Dignitaries of the MPLA," dos Santos, and Texeira.  ECF Nos. 14, 15, and 16, respectively.  On April 27, 2016, the Court issued an Order denying those motions.  ECF No. 18.  In that Order, the Court noted that "[t]here is no evidence that Marlene White is authorized to accept service on behalf of Defendants."  Id. at 2.  The Court also explained that there are special rules for effecting service on a foreign country or individuals in a foreign country and those rules are complicated.  Id. at 3 (citing Fed. R. Civ. P. 4(f) and (j)).  The Court also granted Plaintiff Moises an additional twenty-eight days to provide additional information to effectuate service but warned that the failure to provide sufficient information to enable service to be effectuated on Defendants would result in dismissal of this case without prejudice.  Id.  The Court also advised that, insofar as Plaintiff intends to serve individuals in a foreign

country, he may wish to seek advice of counsel or otherwise contact the United States Department of State.  Id.

Rather than heeding that advice, Plaintiff Moises submitted a "Memorandum Addressing the Service Process Issue on Defendants" on May 24, 2016.  ECF No. 19.  Most of that eight-page Memorandum simply repeats portions of the factual allegations in the Amended Complaint.  Id. at 1-6.  After reciting those allegations, Plaintiff argues that "[t]he receipt was signed by an accredited and authorized personnel of Diplomatic Mission of Republic of Angola," but he also acknowledges that "[a]fter deep investigation, evidence has shown that there exist[s] no Marlene White working or who had ever worked in the Diplomatic Mission of the Republic of Angola."  Id. at 7.  Plaintiff then asserted in the final paragraph of his Memorandum that there are three individuals at the Angolan Embassy "who are accredited to accept service on behalf of Defendants," including the Ambassador of Angola.  Id. at 8.  Plaintiff, however, provided no authority for that bald assertion.

On June 6, 2016, Plaintiff filed a Second Amended Complaint.  ECF No. 22.  The caption of this document reintroduced the additional Plaintiffs that the Court had instructed must be removed.  The caption also omitted Texeira as a Defendant although the allegations concerning her remained in

4

the body of the Second Amended Complaint.  Of significance to the pending motion, the caption also indicated that the Second Amended Complaint should be served: "C/o Mr. Agostinho Tavares da Silva Neto (Ambassador of the [R]epublic of Angola to the US), Embassy of Republic of Angola, 2100-2108 16th Street, NW, Washington, DC 20009."  Plaintiff then completed U.S. Marshal service of process forms indicating that the summonses should be served on the Ambassador at the Angolan Embassy and the summonses were so issued.  On June 8, 2016, Plaintiff submitted a return of service on for Defendant Texeira,[1] and on July 18, 2016, filed motions for Clerk's entry of default against both Texeira and dos Santos.  ECF Nos. 25 and 26.  The Clerk of the Court entered defaults against both Texeira and dos Santos on August 11, 2016.  ECF Nos. 27 and 28.  Plaintiff then filed the pending motion for entry of default judgment.

The Court concludes that Defendants were never properly served and, thus, the motion for entry of default judgment must be denied and the defaults vacated.  As an initial observation, it is not clear whether Plaintiff is attempting to bring an action against Defendants in their individual or in their official capacities.  If they are being sued in their individual

---

[1] Plaintiff did not file the return of service for Defendant dos Santos until October 11, 2016.  Both returns of service attached unsigned certified mail receipts but also attached Postal Service tracking printouts indicating the summonses were delivered on June 16, 2016.

5

capacities, service should have been effected under one of the rules to which the Court previously directed Plaintiff, Rule 4(f) of the Federal Rules of Civil Procedure - "Serving an Individual in a Foreign Country."  If Plaintiff's intent was to sue them in their official capacities, this suit would be a suit against the country of Angola and/or one of its subdivisions and service would be effected under the other Rule to which the Court directed Plaintiff, Rule 4(j) which provides that "[a] foreign state or its political subdivision, agency or instrumentality must be served in accordance with 28 U.S.C. § 1608."  Plaintiff did not attempt to follow either of these rules.

    Instead, Plaintiff attempted to serve Defendants "c/o" the Angola Ambassador based on his unsubstantiated assertion that the Ambassador "is officially authorized to receive service on behalf of Defendants."  ECF No. 25 at 3.  That assertion is not only unsubstantiated, it is also wholly inconsistent with a basic tenet of international law.  Under the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, "[t]he premises of the mission shall be inviolable," and that "[a] diplomatic agent shall ... enjoy immunity from [the host state's] civil and administrative jurisdiction."  Vienna Convention, arts. 22, 31.  "[T]hese provisions preclude service of process on an embassy or diplomat as an agent of a foreign

6

government, as there would be a breach of diplomatic immunity if an envoy were subjected to compulsory process." Harrison v. Republic of Sudan, 838 F.3d 86, 93 (2nd Cir. 2016).

The Court by no means intends to minimize the seriousness of the allegations raised by Plaintiff. In order to meaningfully vindicate the rights alleged to have been violated, however, Plaintiff must follow established rules of law and procedure. The Court will dismiss this action but will grant Plaintiff 30 days in which to submit a motion for leave to file an amended pleading. That motion, if filed, will only be granted if Plaintiff demonstrates his intention and ability to properly serve Defendants.

A separate Order will follow.

_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: March 24, 2017